**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | | |
|---|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.**, | * | |
| Plaintiff | * | |
| v. | * | Case No.: **RWT-05-2148** |
| **SRK HOSPITALITY, LLC, et al.,** | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Choice Hotels International, Inc. has filed a motion asking this Court to enter a preliminary injunction against defendants SRK Hospitality, L.L.C., Raghbir Khangura, Gopesh K. Sharma and Kulwinder Kaur ("defendants") restraining and enjoining them from any further acts of infringement of Choice's federally registered trademarks and other proprietary marks, and from further unfair competition, false designation of origin and deceptive trade practices in connection with the offering of hotel services to the public at Defendants' hotel located at 1965 Cedar Creek Road, Fayetteville, North Carolina (the "hotel"). Defendants deny the infringement and contend that the hotel has ceased using any and all Choice marks and has been fully "deidentified" [sic]. Defendants have also filed a motion asking the Court to stay the case in favor of arbitration.

Defendants' request that the Court stay this matter in favor of arbitration is deficient on its face. Paragraph 22 of the franchise agreement between Choice and its franchisees, including the defendants, contains an arbitration clause providing that

> any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, including any claim that this Agreement or any part of this Agreement is invalid, illegal, or otherwise voidable or void, as well as any claim that [Choice] violated any laws in connection with the execution or

> enforcement of this Agreement and any claim for declaratory relief, will be sent to final and binding arbitration before either the American Arbitration Association or J.A.M.S/Endispute in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

This paragraph specifically excepts from arbitration "[Choice's] claims against [the franchisee] for indemnification, actions seeking to enjoin [the franchisee] from using the Marks in violation of this Agreement, or at [Choice's] option, actions for collection of moneys owed [to it] under this Agreement (or any related agreement)."

Choice's request for a preliminary injunction clearly falls within the exception for "action[s] seeking to enjoin [the franchisee] from using the Marks in violation of this agreement" carved out in the general arbitration mandate of the franchise agreement. Defendants' Motion to Stay in Favor of Arbitration will therefore be denied because "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."[1] Choice Hotels International, Inc. v. Town House Motor Inn, Inc. et al., Civil Action DKC 03-3184 (D. Md. November 29, 2004) (quoting American Recovery Corp. v. Comptuerized Thermal Imaging, Inc., 96 F.3d 88, 92 (4thCir. 1996)). This Court will therefore, by separate order, deny Defendants' Motion to Stay in Favor of Arbitration.

The Court is unable to reach a conclusion regarding Choice's motion for a preliminary injunction, however, due to the material dispute in the parties' affidavits regarding whether

---

[1] Defendants' Motion to Stay Pending Arbitration also contains assertions that the arbitration clause is invalid because it "is a one way street in favor of Choice" and contains "vague and conflicting provisions." The Court notes the inconsistency between these arguments and the title of defendants' motion and relief it apparently seeks, as defendants seem to argue against their position that the case should be submitted to arbitration by seeking to invalidate the arbitration clause. In any event, defendants have cited no authority to refute the legal validity of the arbitration clause, and the arguments regarding the agreement's validity are without merit.

defendants have continued to infringe on Choice's protected marks.  This Court will therefore, by separate order, schedule a hearing to consider evidence regarding any infringement on the part of defendants.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
