**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | | |
|---|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.**, | * | |
| Plaintiff | * | |
| v. | * | Case No.: **RWT-05-2148** |
| **SRK HOSPITALITY, LLC, et al.,** | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

On August 8, 2005, Choice Hotels International, Inc. ("Choice") filed a complaint against Defendants seeking damages for trademark infringement and breach of the Franchise Agreement governing Defendants' operation of a Clarion® hotel in Fayetteville, North Carolina. See Paper No. 1. On the same date, Choice filed a motion asking this Court to enter against the Defendants a preliminary injunction restraining and enjoining them from any further acts of infringement of Choice's federally registered trademarks and other proprietary marks, and from further unfair competition, false designation of origin and deceptive trade practices in connection with the Defendants' offering of hotel services at the Fayetteville hotel. See Paper No. 2.

On September 21, 2005, the Defendants filed a Motion to Stay in Favor of Arbitration. See Paper No. 14. Paragraph 22 of the franchise agreement between Choice and its franchisees, including the Defendants, contains an arbitration clause providing that

> any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, including any claim that this Agreement or any part of this Agreement is invalid, illegal, or otherwise voidable or void, as well as any claim that [Choice] violated any laws in connection with the execution or enforcement of this Agreement and any claim for declaratory relief, will be sent to final and binding arbitration before either the American Arbitration Association or J.A.M.S/Endispute

  in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

This paragraph specifically excludes from its scope "[Choice's] claims against [the franchisee] for indemnification, actions seeking to enjoin [the franchisee] from using the Marks in violation of this Agreement, or at [Choice's] option, actions for collection of moneys owed [to it] under this Agreement (or any related agreement)." In a December 2, 2005, Memorandum Opinion and Order this Court denied the Defendants' Motion to Stay in Favor of Arbitration, holding that Choice's request for a preliminary injunction clearly fell within the exception for "action[s] seeking to enjoin [the franchisee] from using the Marks in violation of this agreement" established in the general arbitration mandate of the franchise agreement. See Paper Nos. 26 & 27. Subsequent to this opinion, Choice moved to withdraw its Motion for Preliminary Injunction on the ground that the Defendants had ceased use of its trademarks . See Paper No. 28.

  Defendants have now filed another Motion to Compel Arbitration of Breach of Franchise Agreement.[1] See Paper No. 31. In their motion, the Defendants argue that since Choice withdrew its request for a preliminary injunction, the only claims pending before this Court are Choice's claims for money damages resulting from: (1) Defendants' alleged infringing use of Choice's marks (seeking not less than $63,464.32, or $14,866.33 in actual damages tripled in accordance with the Lanham Act); and (2) Defendants' breach of contract (seeking $223,560.00 in damages for lost profits). Defendants contend that these claims must be submitted to arbitration under the parties' Franchise Agreement because they do not fall within any of the enumerated exceptions to the agreement's general arbitration mandate. In support of this suggestion, the Defendants point to several decisions of this Court requiring Choice to arbitrate its breach of contract claims.

---

[1] One week after Defendants filed their Motion to Compel Arbitration, Choice filed a Motion for Entry of Default. See Paper No. 34. The Defendants did not file an Answer, however, because they seek to have Choice's claims for damages arbitrated pursuant to the Franchise Agreement. Therefore, the Court will, in the order granting the Defendants' Motion to Compel Arbitration, deny Choice's Motion for Entry of Default.

Choice's one page opposition to Defendants' motion points out that this Court denied Defendants' first Motion to Stay in Favor of Arbitration, and suggests that this Court should therefore deny again the more recent Motion to Compel Arbitration, or, if arbitration is considered to be appropriate, issue an order directing the parties to arbitrate. There is a critical distinction between Defendants' two motions seeking arbitration. This Court denied Defendants' first motion because it sought arbitration of Choice's request for an injunction preventing Defendants' allegedly infringing use of Choice marks - a request that clearly fell within one of the delineated exceptions to arbitration outlined in paragraph 22 of the Franchise Agreement. Now that Choice has withdrawn its Motion for Preliminary Injunction, however, all of the remaining claims fall outside the exception to the obligation to arbitrate provided in the Franchise Agreement because they are for the collection of moneys owed to Choice under the Franchise Agreement. In Choice Hotels International v. BSR Tropicana Resort, Incorporated, 252 F.3d 707 (2001), the Fourth Circuit considered an essentially identical arbitration clause that excepted from arbitration "actions for collection of moneys owed [to Choice] under this Agreement." In analyzing the scope of that exemption, the Fourth Circuit distinguished between amounts that Choice might seek to recover from a delinquent franchisee for breach of contract, which would be subject to arbitration, and "sum certain" amounts that do not derive from either party's deviation from the contract (e.g., affiliation fees), which would be exempted from arbitration under this clause. The BSR Tropicana court concluded that where the obligation at issue arises not from the formation of the contract, but rather from an alleged breach of the contract, the collection exemption does not apply, and such claims must be resolved through arbitration pursuant to the Franchise Agreement.

Applying this standard to the claims at issue, it is clear Choice is seeking recovery of damages that arise not from the formation of the franchise contract, but rather from the Defendants' alleged breach thereof. Under the decision of the Fourth Circuit in BSR Tropicana, such damages do not come within the collection exemption and must be submitted to arbitration.

For the foregoing reasons, a this Court will enter a separate Order granting the Defendants' Motion to Compel Arbitration, and staying this action pending arbitration in accordance with the agreement between the parties.

    4/20/06                                                   /s/
DATE                                                ROGER W. TITUS
                                                          UNITED STATES DISTRICT JUDGE